**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jaylen Alexander,**
**Petitioner Below, Petitioner**

**vs.)**     No. 21-0534 (Raleigh County 20-C-174)

**Donnie Ames, Superintendent, Mt.**
**Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Jaylen Alexander appeals the June 15, 2021, order of the Circuit Court of Raleigh County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Circuit Court of Raleigh County held a hearing on April 19, 2018, to implement a plea agreement to resolve two of petitioner's criminal cases, Nos. 17-IF-128-K and 18-IF-158-D. In No. 17-IF-128-K, petitioner was previously convicted of unlawful wounding pursuant to a *Kennedy* plea[1] and received a sentence of one to five years of incarceration. The circuit court

---

[1]In Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), this Court held that, "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."
(continued . . .)

1

suspended petitioner's sentence for unlawful wounding and imposed a twelve-month term of supervised probation. Thereafter, petitioner violated his supervised probation in No. 17-IF-128-K, and the circuit court reimposed the sentence of one to five years of incarceration for unlawful wounding. Petitioner filed a motion for reconsideration of sentence, asking the circuit court to place him on supervised probation again in lieu of his sentence of incarceration. In No. 18-IF-158-D, the State charged petitioner, by an information, of first-degree robbery stemming from an incident in which petitioner and another man struck, beat, and stabbed a victim and then stole the victim's 1998 Jeep Cherokee.

The parties proposed a plea agreement that would bind the circuit court, pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, if it accepted petitioner's guilty plea to first-degree robbery in No. 18-IF-158-D.[2] The plea agreement provided that the circuit court would grant petitioner's motion for reconsideration of sentence in No. 17-IF-128-K. Regarding No. 18-IF-158-D, the proposed plea agreement provided that, in exchange for petitioner's guilty plea to first-degree robbery, the State would agree that a sentence of forty years of incarceration was the suitable disposition of that case. In addition, petitioner would serve the one-to-five-year sentence of incarceration for unlawful wounding in No. 17-IF-128-K concurrently with the forty-year sentence of incarceration for first-degree robbery in 18-IF-158-D. The parties further agreed that both sentences would be suspended in favor of petitioner's placement at the Anthony Center for Youthful Offenders ("Anthony Center").[3] Finally, the parties proposed that, once petitioner returned from the Anthony Center with a determination of fitness, he would be placed on a term of supervised probation.

Petitioner appeared with counsel at the April 19, 2018, plea hearing, where he waived his right to be indicted for first-degree robbery in No. 18-IF-158-D. The circuit court asked petitioner if he understood that the "penalty for first-degree robbery is not less than ten years" and that "it could go all the way up to life in prison." Petitioner responded that he understood that first-degree robbery had no maximum sentence. The circuit court engaged in a colloquy with petitioner. Thereafter, the circuit court found that, "[b]ased upon [the court's] colloquy with [petitioner], . . . he is able to knowingly, voluntarily, intelligently tender this plea, and . . . he is fully aware of the consequences and would like to go forward today on the information." Also, petitioner informed the circuit court that he "would like to accept the plea."

---

[2]In Syllabus Point 2 of *State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 404 S.E.2d 763 (1991), we held that,

> [w]here the state agrees that a specific sentence is a suitable disposition of a criminal case and enters into a plea agreement with the defendant pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, the trial court may either accept or reject the entire agreement, but it may not accept the guilty plea and impose a different sentence.

[3]At the time of the April 19, 2018, plea hearing, petitioner was twenty-three years old.

2

Next, the circuit court asked if petitioner had received the State's discovery, and both petitioner and his counsel answered in the affirmative. Petitioner further affirmed that he was able to review the discovery with his counsel. The circuit court inquired if the State's discovery included "everything . . . [petitioner] expected to be in there." Petitioner stated, "Yes, sir." The circuit court also asked petitioner if he was satisfied "with the representation [counsel] provided to [petitioner] in [both No. 17-IF-128-K and No. 18-IF-158-D]." Petitioner stated that he was satisfied with his counsel and indicated that he had no complaints about his counsel. The circuit court then inquired if petitioner was "able to make a knowledgeable decision on whether [petitioner] should accept this plea[.]" Petitioner answered in the affirmative.

Thereafter, the circuit court discussed with petitioner the rights that he would be waiving by pleading guilty, including the right to require the State "to prove each and every element of first-degree robbery," to testify on his own behalf or to stand silent at trial, to confront his accusers, and to litigate issues of admissibility of evidence. The circuit court asked petitioner if he understood his rights. Petitioner answered in the affirmative. The circuit inquired if petitioner wanted "to waive those rights and proceed with this plea." Petitioner responded, "Yes, sir." Accordingly, the circuit court found that petitioner "knowingly, voluntarily, and intelligently" waived his rights.

The circuit court asked the State to provide the evidentiary basis for petitioner's guilty plea to first-degree robbery. The State responded that, on October 17, 2017, petitioner was traveling in Raleigh County with the victim and another man in a 1998 Jeep Cherokee. The vehicle stopped on the side of a dirt road. Petitioner and the other man "pulled out different weapons and began to strike and attack" the victim. The victim, who was driving the vehicle, "left the vehicle," but "the assault continued." The State further intended to prove that the victim "was stabbed several times, and was beaten with a wooden stick." After the victim fell down a hill, petitioner and the other man stole the victim's vehicle.

Petitioner told the circuit court that he did not agree with the State's proffer. Accordingly, the circuit court recessed the hearing and allowed petitioner to privately confer with his counsel. After the recess, the parties informed the circuit court that petitioner would enter a *Kennedy* plea to the charge of first-degree robbery. Pursuant to that modification of the plea agreement, the circuit court asked petitioner if he agreed that a strong possibility existed that "the State would prevail at trial in [No. 18-IF-158-D]" based on its proffer that he committed first-degree robbery. Petitioner answered in the affirmative. The circuit court inquired if petitioner was entering a *Kennedy* plea in his best interests in order avoid a greater penalty. Petitioner responded affirmatively. On that basis, the circuit court asked if petitioner wanted "to enter a guilty plea and go forward today." Petitioner stated, "Yes, sir." Thereafter, the circuit court accepted petitioner's *Kennedy* plea to first-degree robbery.

Accordingly, pursuant to the plea agreement, the circuit court, by order entered on April 25, 2018, granted petitioner's motion for reconsideration of sentence in No. 17-IF-128-K and sentenced him to forty years of incarceration in No. 18-IF-158-D. The circuit court ordered petitioner to serve the one-to-five-year sentence of incarceration for unlawful wounding in No.

3

17-IF-128-K concurrently with the forty-year sentence of incarceration for first-degree robbery in No. 18-IF-158-D, and the circuit court suspended both sentences in favor of petitioner's placement at the Anthony Center. The circuit court further ordered that, once petitioner returned from the Anthony Center with a determination of fitness, he would be placed on a term of supervised probation.

Petitioner successfully completed his program at the Anthony Center, and the circuit court, by order entered on April 3, 2019, placed him on supervised probation for three years. However, during his supervised probation, petitioner was charged with committing first-degree murder on May 17, 2019. Accordingly, the circuit court, by order entered on October 17, 2019, revoked petitioner's supervised probation and reimposed his one-to-five-year sentence of incarceration for unlawful wounding in No. 17-IF-128-K and his forty-year sentence of incarceration for first-degree robbery in No. 18-IF-158-D.

In the instant case, petitioner filed a petition for a writ of habeas corpus on April 27, 2020, challenging his conviction and sentence for first-degree robbery in No. 18-IF-158-D. Petitioner raised the following grounds for relief: (1) petitioner's conviction and sentence for first-degree robbery were illegally imposed because the State's information alleged second-degree robbery rather than first-degree robbery; (2) the State's information was defective in that it did not allege first-degree robbery; (3) petitioner's counsel was ineffective because counsel failed to argue that the State's information was defective; (4) petitioner's sentence was unconstitutionally disproportionate to his offense due to the lack of a factual basis for a charge of first-degree robbery; (5) petitioner's conviction was unconstitutionally obtained through the use of a "coerced confession" from the victim; (6) petitioner's conviction was unconstitutionally obtained through the use of a false statement from the victim; (7) the State failed to provide discovery to petitioner, including evidence favorable to his case; and (8) petitioner was not provided with a transcript of his April 19, 2018, plea hearing.[4]

After reviewing the plea hearing transcript, the circuit court, by order entered on June 15, 2021, denied petitioner's habeas petition without a hearing or the appointment of counsel, and found that petitioner put forward "lies as a basis for [h]abeas [c]orpus relief." More specifically, the circuit court found that petitioner (1) did not, during the underlying criminal case, challenge the sufficiency of the State's information charging him with first-degree robbery; and (2) attempted to obtain habeas relief by alleging that "he lied, under oath," at the April 19, 2018, plea hearing.

Petitioner now appeals the circuit court's June 15, 2021, order denying the instant habeas petition. We review a circuit court's order denying a habeas petition under the following standards:

---

[4]In a ninth ground for relief, petitioner "assert[ed] all additional grounds [that] become apparent upon further investigation of this matter," which the circuit court properly declined to address due to a lack of factual allegations regarding any unspecified grounds. *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981). In a tenth "ground for relief," petitioner stated that he sought a release from incarceration.

4

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

. . . .

"'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 and 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court erred in denying his habeas petition without holding a hearing and without appointing counsel. Respondent counters that the circuit court's denial of the petition should be upheld. We agree with respondent.

The circuit court denied petitioner's habeas petition based upon its review of the plea hearing transcript. Petitioner complains that he did not receive a copy of the plea hearing transcript until after he filed his habeas petition.[5] He therefore claims prejudice. We disagree and find that petitioner was not prejudiced due to (1) the circuit court's finding that petitioner based his request for habeas relief on falsehoods; and (2) the nature of the court's denial of the instant petition. Based upon our review of the plea hearing transcript, we find that the circuit court properly found that petitioner's testimony contradicted the allegations set forth in his habeas petition. Accordingly, even if petitioner had received a transcript of his plea hearing, the result of the instant proceeding would not have been different. Furthermore, because the circuit court denied the petition without holding a hearing and without appointing counsel, the denial of the petition will not trigger the doctrine of res judicata. Thus, petitioner is not barred from filing subsequent habeas petitions. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) (holding that the doctrine of res judicata bars the filing of subsequent habeas corpus petitions when there has been an omnibus proceeding which is generally comprised of an evidentiary hearing and the appointment of counsel).

This Court in *Losh* both cautioned habeas petitioners against providing "false answers to any of the questions posed in the pro se petition form," which petitioner utilized in this case, and

_____

[5]Petitioner's request for a copy of the April 19, 2018, plea hearing transcript was not fulfilled until May 27, 2020, which was after he filed his habeas petition on April 27, 2020.

found that "a petition for a writ of habeas corpus filed pro se must specifically state in detail the underlying facts that support the claim." *Id.* at 771, 277 S.E.2d at 612. We find that, on petitioner's pro se habeas petition form, he failed to clearly set forth any habeas claims that were not wholly contradicted by his plea hearing testimony. Petitioner's allegations ran together and, to a certain extent, contradicted themselves. For example, while petitioner alleged in his habeas petition that a factual basis did not exist for a charge of first-degree robbery, he further stated that the victim reported that petitioner and another man "robbed him at gunpoint."[6] Therefore, we concur with the circuit court's finding that, despite petitioner's assertion of various habeas claims, the essence of this case "is that . . . [p]etitioner knowingly, intelligently[,] and voluntarily entered a plea of guilty" to first-degree robbery,[7] and, due to the suspension of his sentence in favor of supervised probation, "only became dissatisfied with this plea when he violated the terms of his probation and found himself serving the underlying sentence."

Pursuant to *Losh*, the assertion of grounds for habeas relief without adequate factual support "does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Id.* at 771, 277 S.E.2d at 612. Therefore, we conclude that, due to the general falsity of petitioner's allegations as well as their confusing nature, the circuit court did not abuse its discretion in denying petitioner's habeas petition without holding a hearing and without appointing counsel.

For the foregoing reasons, we affirm the circuit court's June 15, 2021, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead

---

[6]While petitioner's statement that the victim reported the use of a gun contradicts his allegations in the habeas petition, his statement is consistent with the State's proffer at the plea hearing that petitioner and the other man presented various weapons when they began to attack the victim.

[7]West Virginia Code § 61-2-12(a)(2) provides, in pertinent part, that any person who commits a robbery by "us[ing] the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years."

Justice William R. Wooton
Justice C. Haley Bunn